SMP, INC., Plaintiff and Appellee,

v.

Alan V. KIRKMAN, Defendant and Appellant.

No. 920082–CA.

Court of Appeals of Utah.

Dec. 1, 1992.

Robert M. Orehoski, Orem, for defendant and appellant.

Joseph N. Nemelka, Jr., Murray, for plaintiff and appellee.

Before BENCH, P.J., and BILLINGS and ORME, JJ.

## OPINION

BENCH, Presiding Judge:

Defendant, Alan Kirkman, appeals a final judgment arising from his breach of an employment contract. We affirm.

## BACKGROUND

Kirkman worked as a long haul truck driver for SMP. After making a delivery in California, Kirkman refused to wait there for a load of freight destined for Utah. Instead, he returned to Utah without the load and terminated his employment.

SMP refused to give Kirkman his last two paychecks, claiming that Kirkman owed the company for damages arising from his failure to wait for the next load. Kirkman then filed a wage claim with the Industrial Commission of Utah asserting that SMP had improperly withheld his paychecks. At the hearing, SMP sought an offset against Kirkman's paychecks to cover its damages. The Industrial Commission held that SMP had improperly withheld Kirkman's paychecks in violation of Utah Code Ann. § 34-28-3 (Supp.1992), and denied the requested offset.[1] SMP was ordered to pay Kirkman his back pay.

SMP paid Kirkman his back pay as ordered and then brought suit in circuit court, seeking to recover damages for Kirkman's breach of his employment contract. SMP prevailed at trial and judgment was entered in its favor. Kirkman appeals the circuit court's judgment. He claims that, under the doctrine of res judicata, the wage claim proceeding before the Industrial Commission bars SMP's suit in circuit court. He asserts that if SMP was not satisfied with the Industrial Commission's denial of an offset, then it should have appealed that administrative decision rather than bring a new action in circuit court. We hold that the trial court correctly ruled that the claim adjudicated by the Industrial Commission was different from the claim presented to the trial court. SMP's suit in circuit court, therefore, is not barred by res judicata.

## ANALYSIS

Typically, the doctrine of res judicata arises in a purely judicial setting where the prior adjudication of the claim or issue was before a trial court. *See, e.g., Penrod v. Nu Creation Creme, Inc.,* 669 P.2d 873 (Utah 1983). Res judicata may, however, also be invoked when the prior adjudication was conducted by an administrative tribunal that "has acted in a judicial capacity in an adversary proceeding to resolve a controversy over legal rights."[2]

---

1. Section 34-28-3(5) provides:

    It is unlawful for an employer to withhold or divert part of an employee's wages unless the employer is required to withhold or divert the wages by court order, state or federal law, or unless the employee expressly authorizes the deduction in writing, or the employer presents evidence which in the opinion of the hearing officer or the administrative law judge would warrant an offset.

    The Industrial Commission denied the requested offset, finding that "[n]o signed agreement between the parties concerning deductions was tendered as evidence."

2. Res judicata applies to administrative actions only "when what the agency does resembles

*Department of Admin. Servs. v. Public Serv. Comm'n*, 658 P.2d 601, 621 (Utah 1983).

■ In order to establish res judicata, Kirkman must show, *inter alia*, that the Industrial Commission adjudicated the same claim or cause of action raised in the circuit court. *Penrod*, 669 P.2d at 875; *see also Copper State Thrift and Loan v. Bruno*, 735 P.2d 387, 389 (Utah App.1987). The claim adjudicated before the Industrial Commission was Kirkman's claim that SMP violated section 34–28–3 when it withheld his paychecks. The claim adjudicated by the circuit court was SMP's claim that it was entitled to contractual damages. It is readily apparent that the claims were not identical.[3]

■ Even if the claims could in some sense be regarded as identical, res judicata would not apply because the Industrial Commission lacked jurisdiction to adjudicate SMP's contract claim. As a statutorily created agency, the Industrial Commission has only those powers expressly or impliedly granted by statute. *Bevans v. Industrial Comm'n*, 790 P.2d 573, 576 (Utah App.1990) (citing *Utah Copper Co. v. Industrial Comm'n*, 57 Utah 118, 193 P. 24, 26 (1920)). Adjudicative authority has been granted to the Industrial Commission to adjudicate claims that an employer has improperly withheld or diverted an employee's wages. Section 34–28–9(1)(a) expressly grants the Industrial Commission authority to "determine the validity of any claim for any violation of this chapter filed with it by an employee."

■ The Industrial Commission has not, however, been granted any adjudicative authority to determine contractual disputes between employers and employees such as SMP's claim. At most, the Industrial Commission is directed to "promote the voluntary arbitration, mediation, and conciliation of disputes between employers and employees." Section 35–1–16(1)(e). This duty to promote voluntary conciliation between employers and employees, however, cannot be converted by implication into authority to adjudicate employer/employee controversies in a binding manner. Since there is no explicit or implicit grant of authority to the Industrial Commission to adjudicate SMP's employment contract claim, the Industrial Commission did not have subject matter jurisdiction over SMP's claim.[4]

■ It is axiomatic that before we will apply res judicata to the prior adjudication of a claim, the prior adjudicating tribunal must have had subject matter jurisdiction to adjudicate the claim on its merits. *McCarthy v. State*, 1 Utah 2d 205, 206–07, 265 P.2d 387, 389 (1953) ("a judgment becomes res judicata only when the court has acquired jurisdiction over the subject matter and the parties") (citing *Hutton v. Dodge*, 58 Utah 228, 198 P. 165, 167 (1921)). Since agencies typically have limited subject matter jurisdiction, parties would be wise to fully brief an agency's statutory grant of adjudicative authority before attempting to apply res judicata to agency decisions. Inasmuch as the Industrial Commission did not have subject matter jurisdiction to hear SMP's contract claim

what a trial court does." *Kirk v. Department of Commerce*, 815 P.2d 242, 243–44 (Utah App. 1991) (quoting 4 K. Davis, Administrative Law Treatise § 21:3 (2d ed. 1983)). The party seeking to apply the doctrine of res judicata to an administrative decision must therefore show that the agency proceedings afforded the parties "the rights and procedural safeguards that must be present when an agency acts in a judicial capacity conducting a trial-type hearing." *Id.* Given this requirement, it is unlikely that res judicata may ever be applied to an informal proceeding such as that conducted by the Industrial Commission in this case. *Id.* at 245. Inasmuch as SMP's contract claim was not actually adjudicated by the Industrial Commission, however, we do not reach this issue.

3. Kirkman also asserts that the "issues" decided at the wage claim proceeding were identical, but he has not identified any adjudicated issues that were in fact identical. We therefore do not apply the issue preclusion branch of res judicata. *See Penrod*, 669 P.2d at 875; *Copper State Thrift*, 735 P.2d at 389–90.

4. This conclusion is supported by the Industrial Commission's own rule describing when an offset may be allowed. The rule lists the permissible grounds for an offset. Contract claims are not on the list. *See* Utah Admin.Code R572–3–14 (Deductions and Offsets).

directly, we conclude, as a matter of law, that SMP's contract claim has not been previously litigated before the Industrial Commission on its merits.[5] SMP's contract claim in circuit court therefore could not be barred by the doctrine of res judicata.

## CONCLUSION

Inasmuch as Kirkman has failed to show that SMP's action in circuit court was barred by the doctrine of res judicata, we affirm the circuit court's judgment. SMP's request for sanctions under Rule 33, Utah R.App.P., is denied. Each party is to bear its own costs and attorney fees.

ORME, J., concurs.

BILLINGS, J., concurs in result.

---

5. There was some discussion at trial regarding whether SMP's contract claim was waived by SMP's failure to raise the breach of contract claim before the Industrial Commission. Given our holding that the Industrial Commission was without statutory authority to adjudicate such a claim, it is clear that SMP was under no obligation to raise the contract claim to the Industrial Commission. *Cf. Faux v. Mickelsen,* 725 P.2d 1372, 1375 (Utah 1986) (defendant in small claims court was not compelled to bring counterclaim that exceeded jurisdiction of small claims court; counterclaim therefore was not barred by res judicata).