2003 UT App 146

**STATE of Utah, Plaintiff and Appellee,**

v.

**Dana WAGENMAN, Defendant and Appellant.**

No. 20010686–CA.

*Court of Appeals of Utah.*

May 15, 2003.

Shelden R. Carter, Harris & Carter, Provo, for Appellant.

Mark L. Shurtleff, Attorney General, and Kris C. Leonard, Assistant Attorney General, for Appellee.

Before BILLINGS, Associate Presiding Judge, and ORME and THORNE, JJ.

## OPINION

THORNE, Judge:

¶ 1 Dana Wagenman appeals the denial of her motion to dismiss criminal charges for failure to prosecute within 120 days of her written demand pursuant to Utah Code Ann. § 77–29–1 (1999). We reverse and remand.

## BACKGROUND

¶ 2 On December 26, 2000, police arrested Wagenman for possession of a controlled substance and detained her for a parole violation. On January 18, 2001, Wagenman demanded a 120–day disposition of her case pursuant to Utah Code Ann. § 77–29–1 (1999). The request was received by the Division of Institutional Operations (DIO) on February 1. The DIO mailed a copy of the disposition request to the Utah County Attorney and delivered a copy to the Fourth Judicial District Court on that same day.

¶ 3 On March 1, the court provided Wagenman with court appointed counsel and set an initial hearing for March 9. At the March 9 hearing, the court set the preliminary hearing for March 30. However, Wagenman's appointed counsel[1] was not present at the March 30 preliminary hearing, and it was rescheduled to April 13 to allow Wagenman's counsel to attend. A one-day jury trial was ultimately set for June 4.

¶ 4 On May 31, the court, sua sponte, rescheduled Wagenman's one-day jury trial to June 25, noting that Wagenman's trial had been "[b]umped by a high priority case." The court made no factual findings in support of its decision to set the trial beyond the 120 days and the State did not ask the court to make a good cause determination on the record.

¶ 5 On June 19, Wagenman filed a motion to dismiss, arguing that the charges against her had not been tried within 120 days of her demand as required by section 77–29–1. The court denied the motion and then, at the State's request, rescheduled the trial for July 25. On July 25, pursuant to *State v. Sery,*

---

1. Wagenman had legal representation at the March 9 preliminary hearing, but it was not the representation that she wanted. Her counsel had been unable to attend and sent another attorney to act in his stead.

758 P.2d 935 (Utah Ct.App.1988), Wagenman entered a guilty plea, reserving her right to appeal the court's denial of her motion to dismiss.

## ANALYSIS

¶ 6 Wagenman argues that the trial court erred when it denied her motion to dismiss pursuant to Utah Code Ann. § 77–29–1,[2] Utah's "detainer" or "speedy trial statute." Pursuant to section 77–29–1, whenever a Utah prisoner has an untried indictment or information, that prisoner can demand that the charges be brought to trial within 120 days of the demand. *See* Utah Code Ann. § 77–29–1(1) (1999). "[W]e review a trial court's determination that a defendant's charges should be dismissed pursuant to the [s]peedy [t]rial [s]tatute for abuse of discretion." *State v. Coleman,* 2001 UT App 281,¶ 3, 34 P.3d 790, *cert. denied,* 42 P.3d 951 (Utah 2002). "An appellate court will find abuse of discretion only where there is no 'reasonable basis in the record to support' the trial court's [s]peedy [t]rial [s]tatute determination of 'good cause.'" *Id.* (citation omitted). "Before reviewing the trial court's determination for abuse of discretion, however, we review the trial court's [underlying] legal conclusions for correctness, and its factual findings for clear error." *Id.* at ¶ 4 (quotations and citation omitted).

¶ 7 Section 77–29–1 directs the court to dismiss criminal charges against a defendant if that defendant is not tried within 120 days of invoking section 77–29–1(4), unless "good cause [is] shown in open court." Utah Code Ann § 77–29–1(3) to -(4). The detainer or speedy trial statute was enacted "to protect the constitutional right of prisoners to a speedy trial and to prevent those charged with enforcement of criminal statutes from holding over the head of a prisoner undisposed charges against him." *State v. Trujillo,* 656 P.2d 403, 404 (Utah 1982) (decided under a previous version of the detainer statute).

¶ 8 " ' "Deciding whether the district court properly *denied* [a defendant's] motion to dismiss pursuant to the detainer [or speedy trial] statute requires a two-step inquiry. First, we must determine when the 120–day period commenced and when it expired." ' " *Coleman,* 2001 UT App 281 at ¶ 6, 34 P.3d 790 (first alteration in original) (quoting *State v. Lindsay,* 2000 UT App 379, ¶ 9, 18 P.3d 504 (citation omitted)). " ' "Second, if the trial was held beyond the 120 day period, we must then determine whether 'good cause' excused the delay." ' " *Id.* (quoting *Lindsay,* 2000 UT App 379 at ¶ 9, 18 P.3d 504 (citation omitted)).

¶ 9 Here, the parties agree that the second trial date of June 25 was more than 120 days after Wagenman's request for disposition of her case.[3] Wagenman argues that continuing the trial to this date is grounds for dismissal. In response, the State argues that there was "good cause" for moving the trial to June 25. *See* Utah Code Ann. § 77–29–1(4) (noting that "[i]f the court finds that the failure of the prosecuting attorney to have the matter heard within the time required is not supported by good cause, ... the court shall order the matter dismissed with prejudice").

¶ 10 "A finding of 'good cause' that will excuse failure of the prosecution to bring a defendant to trial within the time required means (1) delay caused by the defendant—

---

2. Utah Code Ann. § 77–29–1 provides in relevant part:

    (3) After written demand is delivered as required in Subsection (1), the prosecuting attorney or the defendant or his counsel, for *good cause shown in open court, with the prisoner or his counsel being present,* may be granted any reasonable continuance.

    (4) In the event the charge is not brought to trial within 120 days, or within such continuance as has been granted, and defendant or his counsel moves to dismiss the action, the court shall review the proceeding. If the court finds that the *failure of the prosecuting attorney to*

*have the matter heard within the time required is not supported by good cause,* whether a previous motion for continuance was made or not, *the court shall order the matter dismissed with prejudice.*
Utah Code Ann § 77–29–1 (1999) (emphasis added.)

3. Wagenman also argues that the original trial date of June 4 fell beyond the 120 days and that this is also a basis for dismissal. However, since we reverse on other grounds we do not address this argument.

such as asking for a continuance; or (2) 'a relatively short delay caused by unforeseen problems arising immediately prior to trial.'" *Coleman*, 2001 UT App 281 at ¶ 6, 34 P.3d 790 (quoting *State v. Petersen*, 810 P.2d 421, 426 (Utah 1991)); *see also State v. Heaton*, 958 P.2d 911, 916–17 (Utah 1998) (noting that good cause excuses compliance with statute).

■ ¶ 11 In ruling on Wagenman's motion to dismiss, the trial court found good cause for rescheduling the jury trial to June 25, because it needed to hear a case of higher priority. Section 77–29–1 provides that all determinations of good cause shall be "shown in open court, with the prisoner or his counsel being present." Utah Code Ann. § 77–29–1(3). Neither the State nor Wagenman objected to the rescheduling, nor did either party request a hearing on the matter. The State argues on appeal that we should "presume" good cause in the absence of a record disproving it.[4] We decline to make such a presumption, for it is the State's responsibility to ensure that section 77–29–1 is followed.

¶ 12 In *State v. Petersen*, a defendant moved for dismissal because he had not been tried within 120 days of filing a notice of disposition. *See* 810 P.2d at 422. In part, the trial court denied the motion because the defendant had not objected to the scheduling of the trial beyond the 120 days. *See id.* On appeal, the Utah Supreme Court concluded that section 77–29–1 "clearly places the burden of complying with the statute on the prosecutor"; thus, the defendant "was not required to object to the trial date in order to maintain his rights under section 77–29–1." *Id.* at 424.

¶ 13 Similarly, in *State v. Heaton*, as a result of an error in the clerk's office, the state did not prosecute a case within 120 days. *See* 958 P.2d at 915. The defendant moved to dismiss, but the trial court found that a clerk's office error excused the delay.

*See id.* The supreme court concluded that the state was responsible for keeping the case moving forward and had the "duty to notify the court that a detainer notice has been filed and to make a good faith effort to comply with the statute." *Id.*

¶ 14 Finally, in *State v. Coleman*, at the defendant's request, the court rescheduled his preliminary hearing. *See*, 2001 UT App 281 at ¶¶ 12,13, 34 P.3d 790. The State "passively accepted [d]efendant's request," *id.* at ¶ 13, 34 P.3d 790 but argued on appeal that the defendant's rescheduling constituted a waiver of the 120–day time restriction. *See id.* at ¶ 13, 34 P.3d 790. This court disagreed and stated:

> The State knew that [the defendant's request to move the preliminary hearing] might precede or come in conjunction with Defendant's Notice, which would initiate running of the 120–day period.... Nevertheless, the prosecution did not object, request a finding that the delayed preliminary hearing constituted a delay attributable to Defendant, or make any motion regarding Defendant's request. Simply put, the prosecution, knowing that it had or could soon have an obligation to bring the matter to trial within 120 days, may not passively accept a defendant's delay of the preliminary hearing, and then turn around and claim the delay kept the prosecution from meeting its burden.

*Id.* at ¶ 14, 34 P.3d 790.

¶ 15 Thus, we conclude that the State has an affirmative obligation to ensure that good cause is "shown in open court." Utah Code Ann. § 77–29–1(3). Here, the State improperly deferred to the trial court's desire to reschedule Wagenman's trial without requesting a hearing. The State had an affirmative duty to request that the trial court make its determination of good cause in open court and to ask the court to create a record

---

4. Specifically, the State argues that Wagenman has the "burden of providing adequate record support for her appellate claims." The State notes that "Defendant did not seek any explanation from the trial judge for the priority determination and did not give the judge an opportunity to elaborate on its reasoning by objecting to the continuance." Normally, appellants have the responsibility to ensure an adequate record on appeal, *see State v. Snyder*, 932 P.2d 120, 131 (Utah Ct.App.1997) (noting that " '[p]arties claiming error below and seeking appellate review have the duty and responsibility to support their allegations with an adequate record' ") (citation omitted), but this obligation does not remove the State's obligations pursuant to section 77–29–1.

in support of its good cause determination. *See Coleman,* 2001 UT App 281 at ¶ 14, 34 P.3d 790. The State failed in its duty by not requesting such a hearing.

¶ 16 From the trial docket, we know that the trial court rescheduled Wagenman's trial to accommodate a "high priority case." Subsequently, in its written order denying Wagenman's motion to dismiss, the court noted that it "continued the trial on June 4, 2001 from said date to hear *State v. Kris Montoya,* case No. 001402774. See the docket of the Ms. Montoya case." However, the court did not provide any further information regarding *Montoya.* Consequently, we cannot determine on appeal whether there was good cause to delay Wagenman's trial. Because we lack an adequate record to review a good cause determination, we conclude that the State did not carry its burden pursuant to section 77–29–1.[5] Accordingly, we reverse and remand with direction that the trial court dismiss the information against Wagenman with prejudice. *See State v. Wilson,* 22 Utah 2d 361, 453 P.2d 158, 159–60 (1969) (noting that if trial is not brought within time prescribed by statute the court loses jurisdiction and *must* dismiss with prejudice).

¶ 17 Reversed and remanded with directions.

¶ 18 WE CONCUR: JUDITH M. BILLINGS, Associate Presiding Judge, and GREGORY K. ORME, Judge.

---

5.  Any argument by the State that it did not cause the delay because the trial court rescheduled sua sponte is also unpersuasive. The Utah Supreme Court has held that

    the mere fact that the delay was not caused by the prosecutor has never been considered dispositive because "to hold that good cause is

supported by the lone fact that the delay was not caused by the prosecutor would contradict the language in section 77–1–29(4) which places the burden of complying with the statute on the prosecution."

*State v. Heaton,* 958 P.2d 911, 915 (Utah 1998) (citation omitted).