2009 UT 47

**Richard W. MACK, Plaintiff and Appellee,**

v.

**UTAH STATE DEPARTMENT OF COMMERCE, DIVISION OF SECURITIES, Defendant and Appellant.**

**No. 20070301.**

Supreme Court of Utah.

July 31, 2009.

Stephen K. Christiansen, Sam Meziani, Salt Lake City, for plaintiff.

Annina M. Mitchell, Salt Lake City, for defendant.

Joseph V. Brady, Rex Staples, Stephen W. Hall, Leslie M. Walker, Mark W. Pugsley,

Salt Lake City, amicus North American Securities Administrators Association, Inc.

Glenn C. Hanni, Scott R. Jenkins, Salt Lake City, amici Walnut Street Securities, Inc., Carole A. Turner.

DURHAM, Chief Justice:

## INTRODUCTION

¶ 1 The Utah Uniform Securities Act governs the licensing, regulation, and discipline of professionals in the securities industry. The Act provides two fora for disciplining professionals: agency adjudications and district court actions.

¶ 2 In this appeal, the Division of Securities (the Division) argues that under the statute, it can only obtain limited remedies from each forum. Thus, the Division asks us to overturn the district court's order enjoining the Division from pursuing disciplinary action against appellee Richard W. Mack's securities license in an agency adjudication after a district court dismissed with prejudice an earlier action based on the same facts. We hold that the Division's challenge to the injunction was procedurally proper but that Mack is not required to exhaust the administrative process, as the process itself constitutes the harm of which Mack complains. We also hold that claim preclusion bars the administrative action. Accordingly, we affirm the district court's order.

## BACKGROUND

¶ 3 In February 2005, the Division brought a civil action in the district court against Richard Mack and other parties. With respect to Mr. Mack, the Division sought sanctions and a fine against Mack as the branch manager and a general principal of Walnut Street Securities, Inc. for failing to supervise a securities agent employed by the securities firm.

¶ 4 This failure, the Division alleged, violated Utah Code section 61–1–1, the antifraud provision of the Utah Uniform Securities Act. Specifically, the Division alleged that Mack failed to detect "red flags" in the agent's behavior, to adopt and implement adequate supervisory and compliance procedures, to reasonably supervise the agent in a way that would detect or prevent a violation of securities laws, to investigate discrepancies between oral and written reports regarding outside business activity provided by the agent, to maintain records of efforts to inquire into the agent's outside business activities, and to reasonably carry out policies and procedures of Walnut Street Securities' compliance manual. As a remedy, the Division requested a judgment that Mack violated the Utah Uniform Securities Act, a permanent injunction enjoining him from violating the Act, a restitution order, a fine, attorney fees, and costs and expenses.

¶ 5 Mack moved to dismiss the complaint pursuant to rule 12(b)(6) of the Utah Rules of Civil Procedure. Mack argued that the acts alleged by the Division were unconnected with the sale of securities and, if true, constituted mere negligent supervision, which would not support a finding of fraud because fraud requires willful conduct. Additionally, Mack argued that the Utah Uniform Securities Act did not allow the Division to seek restitution on behalf of private plaintiffs.

¶ 6 After hearing argument from the Division, Mack, and other defendants, the district court determined that the Division had failed to allege willful conduct or a causal nexus between Mack's actions and the unlawful sale of securities. The court therefore held that the Division failed to plead a cause of action based on fraud. Additionally, the district court held that restitution was not a remedy available to the Division under the Utah Uniform Securities Act. Thus, on July 14, 2006, the court dismissed the Division's claims. However, the district court specifically gave the Division thirty days from the dismissal to file an amended complaint "if it [could] identify appropriate facts and different grounds to support a claim for injunctive relief as it pertain[ed] to the ... [d]efendants' *licensure* based on alleged failure to supervise." Order, at 3, *State v. Walnut St. Sec., Inc.*, No. 050500310 (5th Dist. July 14, 2006). The Division did not file an amended complaint, and thus on August 25, 2006, a final order was entered dismissing with prejudice the Division's claims against Mack. The Division did not appeal this decision.

¶ 7 Instead, on August 3, 2006, the Division filed an administrative action with the director of the Division of Securities seeking a revocation of Walnut Street Securities' and Mack's securities licenses, a bar from the Utah securities industry, and a $300,000 fine. In this administrative action, the Division alleged the same facts relating to Mack's failure to supervise as it had alleged in the civil complaint. The Division alleged that Mack's omissions violated Utah Code section 61–1–6(2)(j), the National Association of Securities Dealers Conduct rule 3010, and Utah Administrative Code rule 164–6–1g(C)(28).

¶ 8 In October 2006, Mack filed a complaint for injunctive relief in the district court. Mack argued that res judicata barred the Division's administrative action and sought a temporary restraining order and both a preliminary and a permanent injunction to enforce this bar. Mack also sought preliminary and permanent injunctive relief to enjoin the Division from disseminating any information ·to the public or to any source that might disseminate information to the public regarding the administrative action.

¶ 9 The district court denied Mack's request for a temporary restraining order and conducted a hearing to address whether res judicata barred the administrative action and whether Mack was required to exhaust administrative remedies by raising the issues first in the administrative proceeding. After argument, the district court issued a memorandum decision holding that the administrative action was barred by res judicata because (1) it involved the same parties, (2) the district court in the earlier civil action had the authority to hear all claims that were and should have been presented, and (3) the earlier case ended in a final judgment on the merits. Further, the district court held that the res judicata bar rendered the exhaustion of administrative remedies requirement unnecessary. The court found that Mack was likely to prevail on the merits of his request for an injunction, but it declined to address the other injunction requirements during that hearing.

¶ 10 Approximately one month after the district court entered its Memorandum Decision, the Division submitted a motion to dismiss based on rule 12(b)(6) of the Utah Rules of Civil Procedure. The Division argued that Mack failed to state an underlying cause of action to support a grant of injunctive relief because res judicata is a defense, not a cause of action, and rule 65A of the Utah Rules of Civil Procedure does not create a substantive right. The district court scheduled a hearing to address the Division's motion to dismiss and Mack's requested injunctive relief. Before the hearing, the Division stipulated to a finding of irreparable harm. Additionally, before the hearing, the parties resolved the dispute regarding the Division's communications about Mack. Therefore, the hearing focused on the Division's motion to dismiss for failure to state a claim. Following the December 2006 hearing, the Court entered an order denying the Division's motion to dismiss and granting an injunction barring the administrative proceeding against Mack based on res judicata. The Division appealed the district court's order. We have jurisdiction pursuant to Utah Code section 78A–3–102(3)(j) (2008).

## ANALYSIS

¶ 11 The Division asks us to address three questions: first, whether the district court properly denied the Division's motion to dismiss; second, whether the district court properly excused Mack from exhausting administrative remedies; and third, whether the district court was correct in determining that the Division's administrative action was barred by res judicata. We affirm the decision of the district court on all issues.

## I. THE DISTRICT COURT PROPERLY DENIED THE DIVISION'S MOTION TO DISMISS

■ ¶ 12 The propriety of a denial of a Rule 12(b)(6) motion is a legal determination that we review for correctness. *Summit Water Distrib. Co. v. Summit County*, 2005 UT 73, ¶ 12, 123 P.3d 437; *see also* Utah R. Civ. P. 12(b)(6). Mack argues that the district court properly dismissed the motion because the Division's motion to dismiss was improper on procedural grounds and failed on the merits. We conclude that the Division's motion was procedurally proper but

that the district court correctly denied it on the merits.

A. *The Division Did Not Waive Its Defense for Failure to State a Claim nor Did It Invite Error by Failing to Bring the Motion to Dismiss Earlier in the Proceedings*

¶ 13 Mack argues that the district court should have denied the Division's motion to dismiss because the Division waived the right to bring the motion by not including it in an answer or responsive pleading. Further, Mack argues that by allowing the district court to first consider the merits of Mack's res judicata claim, the Division waived its claim and invited error. We disagree. The Division did not waive its rule 12(b)(6) claim nor invite error because a party may raise a failure to state a claim defense in later pleadings. Additionally, the Division did not invite error because it moved for dismissal for failure to state a claim before the case concluded, which provided the court with the opportunity to address the issue.

¶ 14 By moving for dismissal for failure to state a claim before the final hearing, the Division avoided waiving the defense. Normally, a party waives all defenses not raised in a responsive pleading, such as an answer or reply. Utah R. Civ. P. 12(b) and (h). A defense of failure to state a claim, however, falls under a procedural exception and may be raised any time before the court or jury determines the validity of a party's claim. Utah R. Civ. P. 12(h) ("[T]he defense of failure to state a claim upon which relief can be granted ... may also be made by a later pleading ... or at the trial on the merits."). In other words, "[i]ssues brought under the exception of Rule 12(h) may be raised before or during trial. However, Rule 12(h) certainly does not mean that failure to state a claim can be raised for the first time on appeal." *Smith v. Vuicich*, 699 P.2d 763, 764 (Utah 1985)(internal citation omitted). Here, although the Division's timing created inconvenience, it was permitted to move to dismiss the action based on rule 12(b)(6) before a trial or ultimate hearing regarding Mack's request for injunctive relief.

¶ 15 The invited error doctrine precludes an appellate court from considering an issue on appeal that was not only unobjected to in the trial court, but was in fact submitted by argument, thereby depriving the court of the opportunity to correct any error. *State v. Winfield*, 2006 UT 4, ¶ 14, 128 P.3d 1171 ("[U]nder the doctrine of invited error, we have declined to engage in even plain error review when 'counsel, either by statement or act, affirmatively represented to the [trial] court that he or she had no objection to the [proceedings].'" (alterations in original)(quoting *State v. Hamilton*, 2003 UT 22, ¶ 54, 70 P.3d 111)). In this case, although the Division responded to the substance of Mack's res judicata claim before asserting its 12(b)(6) argument, it eventually alerted the district court, though belatedly, to its objection to the injunctive action. This provided the district court with an opportunity to rule on the Division's objection. Thus, the Division's motion to dismiss was procedurally proper and the trial court did not err by addressing its merits.

B. *The District Court Correctly Denied the Division's Motion Because Mack's Complaint and Accompanying Request for Injunction Adequately Alerted the Division of His Claims*

¶ 16 The Division argues that the district court erred in denying its motion to dismiss because to request injunctive relief a party must allege a legal claim and Mack failed to do so. We disagree; instead, we find that Mack's Complaint for Injunctive Relief sufficiently alleged a claim upon which relief could be granted.

¶ 17 A complaint that alleges the facts and sets forth the legal basis for an available legal remedy adequately states a claim upon which relief can be granted. Rule 12(b)(6) reflects Utah's adoption of notice pleading and, therefore, relies on rule 8 of the Utah Rules of Civil Procedure. Rule 8 requires a complaint to contain a "short plain statement of the claim showing that the pleader is entitled to relief." Utah R. Civ. P. 8. Thus, under rules 8 and 12, a complaint must provide " 'fair notice of the nature and basis or grounds of the claim and a general

indication of the type of litigation involved,' " *Blackham v. Snelgrove*, 3 Utah 2d 157, 280 P.2d 453, 455 (1955) (quoting Barron & Holtzoff, Fed. Prac. & Proc., vol. 1, p. 431–4), and "a complaint does not fail to state a claim 'unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of the claim.' " *Id.* (quoting *Leimer v. State Mut. Life Assur. Co.*, 108 F.2d 302, 306 (8th Cir.1940)). When applying this standard, courts are to liberally construe both rules 8 and 12 to favor finding a pleading sufficient. *Russell v. Standard Corp.*, 898 P.2d 263, 264 (Utah 1995) (explaining that when ruling on a motion to dismiss for failure to state a claim, the court must construe the complaint in the light most favorable to the plaintiff and indulge all reasonable inferences in his favor); *Gill v. Timm*, 720 P.2d 1352, 1353 (Utah 1986) ("Rule 8(a) is to be liberally construed when determining the sufficiency of a plaintiff's complaint.").

¶ 18 In this case, Mack's complaint contained sufficient facts and allegations to notify the Division of the grounds for his claim and the injunctive relief sought. In particular, Mack's complaint recounted the factual basis for the earlier district court action, the claims brought, and the court's final disposition of the claim. Similarly, Mack identified the facts underlying the administrative proceeding. Mack clearly claimed that he was entitled to temporary and permanent injunctive relief because based on the facts alleged, res judicata barred the administrative action. Additionally, in the memorandum supporting Mack's request for an immediate order of injunctive relief,[1] Mack alleged that the Division, in the action in the administrative forum, was attempting to relitigate issues and claims previously adjudicated by the district court and was thus subjecting Mack to duplicative and harassing litigation that was barred by res judicata.

¶ 19 The Division argues that despite the adequately detailed allegations, Mack's claim did not meet the requirements of rules 8 and 12 because Mack relied on either his request for injunctive relief or res judicata as his claim for relief and neither is a "cause of action."[2] This argument interprets the requirements to state a claim too narrowly. A party has a claim if the alleged facts " 'give rise to a right enforceable in the courts.' " *Swainston v. Intermountain Health Care, Inc.*, 766 P.2d 1059, 1061 (Utah 1988)(quoting *Original Ballet Russe v. Ballet Theatre*, 133 F.2d 187, 189 (2d Cir.1943)); *see also Johnson v. Hermes Assocs., Ltd.*, 2005 UT 82, ¶ 13, 128 P.3d 1151 (explaining that to obtain permanent injunctive relief, a party must show, among other things, that he has a property right or protectable interest irreparably harmed by the acts of the opposing party). Here, by pleading the circumstances of both the first and second actions brought by the Division, Mack provided the Division with fair notice of the basis and grounds for his claim that he had a protectable interest in avoiding duplicative, harassing, and judicially barred litigation, and that without an injunction he would be irreparably harmed.

¶ 20 The Division also argues that even if Mack alleged a sufficient claim for legal relief, he requested the wrong equitable remedy for his alleged injury. The Division suggests that extraordinary relief under rule 65B was instead the proper procedural vehicle. Although rule 65B relief might indeed have been available, this fact does not warrant a dismissal of Mack's complaint. As discussed above, Mack alleged sufficient facts to support the legal elements required for his claim. Under our liberal construction of rule 8, we find this was sufficient; further, the facts alleged in Mack's complaint were certainly enough for the Division to defend against Mack's claim that the administrative action was judicially barred. In fact, the

1. A memorandum or brief can be used to clarify the allegations in a complaint. *See Pegram v. Herdrich*, 530 U.S. 211, 229–30, 120 S.Ct. 2143, 147 L.Ed.2d 164 (2000).

2. The Division argued at length that Mack failed to allege an underlying claim to support an injunction pursuant to rule 65A. However, the district court denied Mack's request for a temporary injunction before the state filed its motion to dismiss. Thus, in this appeal, the Division challenges only the grant of a permanent injunction and all arguments related to preliminary injunctions under rule 65A are irrelevant.

Division appears to have responded to Mack's claim as if he had advanced it under rule 65B. Thus, under rule 15, the trial court and this court could treat the complaint as a rule 65B action, rather than a standard injunction action. In particular, under rule 15, the fact that Mack never amended the complaint to seek rule 65B relief cannot affect the outcome of the court's granting 65B relief. Utah R. Civ. P. 15(b) ("When issues not raised by the parties are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings.... [F]ailure to so amend does not affect the result of the trial of these issues."); *see also Gill,* 720 P.2d at 1353 (noting that amending pleadings to conform to the evidence is much preferred to dismissal, especially when trial on the existing pleading has taken place). Moreover addressing remedies specifically, under rule 54(c) a district court may tailor its judgment to the relief required. *Mabey v. Kay Peterson Constr. Co.,* 682 P.2d 287, 290 (Utah 1984)("Utah R. Civ. P. 54(c)(1) directs that every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party had not demanded such relief in his pleadings.").

¶ 21 In conclusion, while it is possible that Mack could have chosen a better procedural vehicle to bring this claim, the court did not err by denying the Division's motion to dismiss. Liberally construing the requirements of rules 8 and 12, a court should not dismiss a plaintiff's complaint for inartful pleading. In this case, because Mack provided adequate notice of the basis for and type of claim he was bringing, and because it appeared that relief could be granted, we hold that his complaint satisfied the requirements of rules 8 and 12. The district court did not err by denying the Division's motion to dismiss.

## II. THE DISTRICT COURT PROPERLY GRANTED A PERMANENT INJUNCTION BECAUSE LEGAL AND ADMINISTRATIVE REMEDIES WERE INADEQUATE

¶ 22 We next address whether the district court properly granted injunctive relief or if instead Mack was required to first exhaust his administrative remedies before seeking injunctive relief. We review a grant of equitable relief for an abuse of discretion. *Harline v. Campbell,* 728 P.2d 980, 984 (Utah 1986). We review the underlying legal questions, such as whether a party is required to exhaust administrative remedies, for correctness. *State v. Wagenman,* 2003 UT App 146, ¶ 6, 71 P.3d 184. As discussed below, neither the standard for injunctive relief nor the Securities Act require Mack to submit to the administrative action before seeking injunctive relief from the district court.

¶ 23 A court may only grant a permanent injunction when legal remedies are inadequate. *Johnson v. Hermes Assocs., Ltd.,* 2005 UT 82, ¶ 13, 128 P.3d 1151. A legal remedy is inadequate "when '[a party] is unlikely to be made whole by an award of monetary damages or some other legal ... remedy,'" *Id.* ¶ 20 n. 8 (alteration in original)(quoting 42 Am.Jur.2d *Injunctions* § 33 (2004)), or the legal remedy is not as "practicable and efficient toward the ends of justice as an injunction." *Hunsaker v. Kersh,* 1999 UT 106, ¶ 9 n. 1, 991 P.2d 67 (quoting 42 Am.Jur.2d *Injunctions* § 39).

¶ 24 In the present case, Mack alleges that defending his interests in an administrative process will result in irreparable harm to his reputation, as well as require him to incur extensive expenses and expend great amounts of time. The only available legal remedy for such damage would be a monetary award. However, as Mack alleges, a monetary award could not compensate for the damage to his reputation or the unnecessary stress and trouble he would encounter if the administrative hearing was later found to have been legally barred. Moreover, to obtain a monetary award, Mack would be required to see the administrative action to its conclusion, which could involve a trial de novo and a possible appeal. *See* Utah Code Ann. 63G–4–402 (Supp.2008). In this case, the process of pursuing his res judicata arguments in the administrative hearing itself constitutes the harm for which Mack seeks relief. If he is required to submit to that harm before being permitted to seek a remedy for it, the inadequacy of the remedy seems self-evident. *See Cont'l Can Co. v.*

*Marshall,* 603 F.2d 590, 597 (7th Cir.1979). Therefore, the district court did not abuse its discretion in determining that legal remedies were inadequate.

¶ 25 The Division, however, argues that a legal remedy was not only an adequate remedy, but that Mack was required to exhaust the administrative process that would itself occasion the monetary damages. We disagree. While it is true that both statute and case law strongly favor exhaustion of remedies, exhaustion is not required in this case. In legal actions based on the Utah Uniform Securities Act, a party is required to exhaust all administrative remedies when challenging the *final decision* of an administrative agency. *See* Utah Code Ann. § 61–1–18.6 (Supp. 2008) (incorporating the Utah Administrative Procedures Act); *Id.* § 63G–4–401 (Supp. 2008) (allowing judicial review of a final agency action "only after exhausting all administrative remedies available"). But Mack is not seeking review of a final agency decision; he is instead attempting to prevent what he claims is a duplicative and unlawful proceeding. Thus, the exhaustion requirement does not apply to Mack's claim.

### III. CLAIM PRECLUSION BARS THE DIVISION FROM PURSUING THE ADMINISTRATIVE ACTION AGAINST MACK

¶ 26 Whether res judicata, and more specifically claim preclusion, "bars an action presents a question of law" that we review for correctness. *Macris & Assocs., Inc. v. Neways, Inc.,* 2000 UT 93, ¶ 17, 16 P.3d 1214. In this case, the district court correctly held that claim preclusion barred the Division's administrative action to suspend Mack's license because the Division could have brought this claim in the district court action. Because we hold that claim preclusion bars the Division's administrative action, we do not reach the Division's issue preclusion argument.

¶ 27 Under the Utah Uniform Securities Act the Division has three avenues for enforcing the provisions of the Act: equitable actions, administrative proceedings, and criminal actions. At issue in this case are the first two forms of enforcement. Utah Code section 61–1–20 allows the Division to use adjudicative procedures in the administrative forum to petition the Division of Securities director to enter cease and desist orders, impose fines, and bar persons from the securities industry in the state of Utah. Utah Code Ann. § 61–1–20(1) (2006). Under the same section, the Division may also bring an action in district court to enforce compliance with the Act or any rule made pursuant to the Act. *Id.* § 61–1–20(2). Subsection 2 grants the district court jurisdiction to issue equitable relief, order disgorgement and rescission, impose fines, or "enter any other relief the court considers just." *Id.* Additionally, Utah Code section 61–1–6 allows the director through administrative proceedings to sanction persons registered with the Division of Securities by suspending and revoking securities licenses, barring a person from the securities industry in Utah, restricting the responsibilities of registered persons, and imposing fines. *Id.* § 61–1–6(1) (2006 & Supp.2008).[3] These sanctions are allowed for enumerated acts such as failing to supervise agents or employees. *Id.* § 61–1–6(2)(j). Section 61–1–6.5 also gives the courts jurisdiction to order the Division to "withhold, suspend, restrict, or reinstate the use of securities licenses issued under" the Act. *Id.* § 61–1–6.5 (2006).

¶ 28 In this case, the Division first pursued a civil action against Mack, requesting the district court to enter a judgment finding that Mack violated the Utah Uniform Securities Act, permanently enjoining Mack from violating the Act, ordering restitution, and imposing a fine based on the Division's allegation that Mack violated the Act's prohibition of fraud by failing to supervise his employees. The district court denied this relief but invited the Division to amend its complaint to bring any other claims it could based on the same facts relating to the licensure of Mack. The Division declined to do so even though section 61–1–6.5 gives the dis-

---

**3.** Although Utah Code section 61–1–6 was amended in 2008, no substantive changes were made; therefore we cite to the most current version of the statute. *See* 2008 Utah Laws 3336–37.

trict court clear authority to order the revocation of Mack's license. The Division chose instead to employ the administrative forum and requested the director in the administrative proceedings to revoke Mack's license, to bar him from the securities industry in Utah, and to impose a fine. Mack argues that this administrative action is barred by res judicata. We agree.

 ¶ 29 "The doctrine of res judicata embraces two distinct branches: claim preclusion and issue preclusion." *Macris & Assocs.*, 2000 UT 93, ¶ 19, 16 P.3d 1214. "[C]laim preclusion corresponds to causes of action[;] issue preclusion corresponds to the facts and issues underlying causes of action." *Oman v. Davis Sch. Dist.*, 2008 UT 70, ¶ 31, 194 P.3d 956. "Claim preclusion 'is premised on the principle that a controversy should be adjudicated only once.'" *Nebeker v. State Tax Comm'n*, 2001 UT 74, ¶ 23, 34 P.3d 180 (quoting *Salt Lake Citizens Cong. v. Mountain States Tel. & Tel. Co.*, 846 P.2d 1245, 1251 (Utah 1992)). Whether a claim is precluded from relitigation depends on a three-part test.

> First, both cases must involve the same parties or their privies. Second, the claim that is alleged to be barred must have been presented in the first suit or be one that could and should have been raised in the first action. Third, the first suit must have resulted in a final judgment on the merits.

*Snyder v. Murray City Corp.*, 2003 UT 13, ¶ 34, 73 P.3d 325 (quoting *Miller v. USAA Cas. Ins. Co.*, 2002 UT 6, ¶ 58, 44 P.3d 663). Here the first and third elements are easily met. Both actions involve the same parties-the Division and Mr. Mack. Further, the district court action, which was resolved under Utah Rule of Civil Procedure 12(b)(6), resulted in a final judgment on the merits. *See Fed. Deposit Ins. Corp. v. Paul*, 735 F.Supp. 375, 380 (D.Utah 1990) ("'A motion to dismiss for failure to state a claim upon which relief can be granted ... [is a] dismissal ... on the merits and is accorded res judicata effect.'" (alteration in original)(quoting 2A James Wm. Moore et al., Moore's Federal Practice § 12.07 (2d ed. Supp. 1987))). Therefore, we focus our analysis on whether the claims in the administrative action were, or could have been, presented in the first action, the district court action. We hold that they could.

 ¶ 30 Claims or causes of action are the same as those brought or that could have been brought in the first action if they arise from the same operative facts, or in other words from the same transaction. *See* Restatement (Second) of Judgments § 24 (1982). Previously we have held that two causes of action are the same if they rest on the same "state of facts," and the evidence "necessary to sustain the two causes of action" is of the same kind or character. *Schaer v. State*, 657 P.2d 1337, 1340 (Utah 1983). More recently, however, we have moved toward the transactional theory of claim preclusion espoused by the Restatement (Second). For example, in *Burnett v. Utah Power & Light Co.*, we noted that "[r]ather than resting on the specific legal theory invoked, res judicata generally is thought to turn on the essential similarity of the underlying events giving rise to the various legal claims." 797 P.2d 1096, 1098 (Utah 1990) (quoting *Davis v. U.S. Steel Supply*, 688 F.2d 166, 171 (3d Cir.1982) (en banc)). *See also Swainston v. Intermountain Health Care, Inc.*, 766 P.2d 1059, 1061 (Utah 1988) ("A claim or cause of action is 'the aggregate of operative facts which give rise to a right enforceable in the courts.'" (quoting *Original Ballet Russe v. Ballet Theatre*, 133 F.2d 187, 189 (2d Cir.1943))). While in some cases we have still suggested that the evidence needed to sustain the claims must be the same, this requirement was not dispositive for these cases. For example, in *Macris & Assocs., Inc.*, we held that a claim based on the Utah Fraudulent Transfer Act was not the same as a claim for breach of contract because they did not involve the same facts and different evidence would be required to sustain each claim. 2000 UT 93, ¶¶ 29–31, 16 P.3d 1214. We found that the claims were based on very different facts; the first claim was based on a distributorship agreement that was allegedly breached in 1991, and the second claim was based on the creation of a new company and a transfer of assets to this company, all of which occurred in 1992.

Critical to our holding was the circumstance that the two claims arose out of different transactions. *Id.* Thus, if a party raises claims based on the same operative facts or the same transaction, it may be precluded if the other elements of claim preclusion are met. There are, however, exceptions to this rule, and the Division argues that its administrative claims fall within the exceptions.

¶ 31 The Division argues that it could not have brought its claim for negligent supervision in the district court action, even if it is the same claim under the operative fact test, because the district court did not have subject matter jurisdiction. According to the Division the district court does not have subject matter jurisdiction over revoking or suspending securities licenses because the legislature provided exclusive fora for specific claims under the Securities Act.

■■■ ¶ 32 A claim is not the same claim, in terms of claim preclusion, if it could not have been brought in the first action, and, of course, a party may not bring a claim in a first action if the court lacks subject matter jurisdiction. *SMP, Inc. v. Kirkman,* 843 P.2d 531, 533 (Utah Ct.App.1992)("It is axiomatic that before we will apply res judicata to the prior adjudication of a claim, the prior adjudicating tribunal must have had subject matter jurisdiction to adjudicate the claim on its merits."); Restatement (Second) of Judgments § 26(1)(c) (explaining that claim preclusion does not apply when "[t]he plaintiff was unable to rely on a certain theory of the case or to seek a certain remedy or form of relief in the first action because of the limitations on the subject matter jurisdiction of the courts"). For this exception to apply, one of the fora used must have exclusive jurisdiction, not merely limited jurisdiction, over the claims alleged to be barred. *Compare* Restatement (Second) of Judgments § 26 cmt. c(1), *with id.* § 24 cmt. g.

■■■ ¶ 33 A district court has subject matter jurisdiction over a legal claim unless adjudicative authority for that claim is specifically delegated to an administrative agency. District courts have general jurisdiction, which provides them with broad adjudicative authority. Utah Code Ann. § 78A–5–101 and –102 (2008). Only in instances where the

legislature grants exclusive jurisdiction to an administrative agency, or otherwise explicitly restricts the courts' jurisdiction, does the district court lack subject matter jurisdiction. *See, e.g., Beaver County v. Qwest, Inc.,* 2001 UT 81, ¶¶ 10–11, 31 P.3d 1147 (holding that the legislature granted exclusive authority over ratemaking to the Public Service Commission). For example, the Workers' Compensation Act gives the Labor Commission exclusive authority over employees' claims against their employers for injuries sustained in the workplace. Utah Code Ann. § 34A–2–105 (Supp.2008). Agencies, in contrast, are limited to the adjudicative authority granted by the legislature. *SMP, Inc.,* 843 P.2d at 533 ("As a statutorily created agency, the Industrial Commission has only those powers expressly or impliedly granted by statute.") For this reason, it is more likely that an administrative agency's subject matter jurisdiction will be limited than a district court's. *Id.* ("[A]gencies typically have limited subject matter jurisdiction."); *see also id.* at 533–34 (holding that the Industrial Commission only had subject matter jurisdiction over claims under the payment of wages statute and not contract claims); *Nebeker,* 2001 UT 74, ¶ 23, 34 P.3d 180 (holding that the Tax Commission did not have subject matter jurisdiction to resolve a constitutional challenge). In some instances, however, such as in the Securities Act, the legislature creates a statutory scheme that contemplates proceedings in different tribunals affording possibly different remedies. In such statutory schemes it is not immediately apparent whether the legislature intended to create remedies exclusive to a particular forum, thereby removing subject matter jurisdiction from the other forum. Therefore, we carefully analyze the language and structure of the Act to determine the legislature's intent. *State v. Schofield,* 2002 UT 132, ¶ 8, 63 P.3d 667.

■■■ ¶ 34 Reviewing both the grant of authority to the administrative agency and the district court, and also the Securities Act as a whole, we conclude that the remedies provided therein are not exclusive to one forum and therefore the district court did not lack subject matter jurisdiction to hear the licensing issues. The Division argues that

the district court does not have jurisdiction because negligent supervision is addressed under the section providing the director with authority to suspend or revoke securities licenses. *See* Utah Code Ann. § 61–1–6(j). However, the negligent supervision subsection's placement in the statute does not grant the administrative agency with exclusive authority over such issues. Instead, the statute also grants the district court with broad authority, allowing the court to revoke or suspend a license and to prohibit any securities practices through an order to the Division, Utah Code Ann. §§ 61–1–6(2)(d) and –6.5, or "enter any other relief the court considers just" in order to "enforce compliance with [the Securities Act] or any rule or order under [the Securities Act]." *Id.* § 61–1–20(2)(viii) (2006). This power is granted "in addition to" the sanction authority given to the director in section 61–1–6. *Id.* § 61–1–20. Thus, with these overlapping grants of authority, the Securities Act provides concurrent jurisdiction in the district court and the Division director to enforce the Securities Act. Because the Division does not have exclusive authority to revoke or suspend securities licenses for negligent supervision, it could have brought the licensing issues related to Mr. Mack's supervision of his employee in the district court action, and it is now barred from doing so in an administrative action.

## CONCLUSION

¶ 35 We hold that the district court did not err in granting injunctive relief. While the Division properly brought a motion to dismiss, the district court did not err in denying it when Mack adequately alleged facts that put the Division on notice of the basis and grounds for his claims. From these allegations it appeared that there was an available remedy for Mack's injury. Additionally, Mack was not required to first exhaust administrative or other legal remedies when such remedies were themselves the harm he sought to prevent and therefore were inadequate. Finally, the district court properly held that claim preclusion barred the Division's licensing claim brought in the administrative action because the district court had authority to revoke a securities license and

provide all the relief available in the administrative action; therefore, the Division's administrative claims could have been brought in the district court action. Accordingly, we affirm the order of the district court.

¶ 36 Associate Chief Justice DURRANT, Justice PARRISH, Justice NEHRING, and Judge KAY concur in Chief Justice DURHAM's opinion.

¶ 37 Having recused himself, Justice WILKINS does not participate herein; District Judge THOMAS L. KAY sat.