**2013 UT App 89**

# THE UTAH COURT OF APPEALS

ERIC MYRBERG,

*Plaintiff and Appellant,*

*v.*

MICHAEL W. SNELGROVE AND ANNETTE SNELGROVE,

*Defendants and Appellees.*

Per Curiam Decision
No. 20120275-CA
Filed April 11, 2013

Second District, Farmington Department
The Honorable David R. Hamilton
No. 110700028

Keith M. Backman, Attorney for Appellant
Michael and Annette Snelgrove, Appellees Pro Se

Before JUDGES THORNE, ROTH, and CHRISTIANSEN.

PER CURIAM:

¶1      Eric Myrberg appeals the district court's dismissal of his case based upon principles of res judicata. We affirm.

¶2      The doctrine of res judicata has two distinct branches: claim preclusion and issue preclusion. *See Mack v. Division of Sec.*, 2009 UT 47, ¶ 29, 221 P.3d 194. Claim preclusion results in a cause of action being barred and "is premised on the principle that a controversy should be adjudicated only once." *Id.* (citation and internal quotation marks omitted). The determination whether a claim is precluded is based upon a three-part test.

First, both cases must involve the same parties or their privies. Second, the claim that is alleged to be barred must have been presented in the first suit or be one that could and should have been raised in the first action. Third, the first suit must have resulted in a final judgment on the merits.

*Snyder v. Murray City*, 2003 UT 13, ¶ 34, 73 P.3d 325. "Whether res judicata, and more specifically claim preclusion, 'bars an action presents a question of law' that we review for correctness." *Mack*, 2009 UT 47, ¶ 26 (quoting *Macris & Assocs., Inc. v. Neways, Inc.*, 2000 UT 93, ¶ 17, 16 P.3d 1214).

¶3    The underlying case arose from a dispute between adjacent property owners. In 2006, Myrberg filed his first action against Michael and Annette Snelgrove. The parties entered into a settlement agreement in March 2008 with the intention of resolving all claims in the first action. In the first action, Myrberg filed multiple motions seeking to enforce the settlement or to hold the Snelgroves in contempt for an alleged failure to perform under the settlement agreement. On August 6, 2010, the district court entered findings of fact and conclusions of law and an order in the first action. The district court found the Snelgroves to be in contempt of a September 2009 order requiring them to pay $1,000 of Myrberg's fees and costs, which they belatedly paid in March 2010. Accordingly, the district court imposed an additional sanction requiring payment of another $1,000 toward Myrberg's fees and costs. However, the district court found that the Snelgroves were not in contempt for failure to comply with the court's order to complete a french drain because "[t]he only french drain which was started before the hearing in July of 2009 was the french drain through the first berm and it is undisputed that this french drain was completed." The court rejected Myrberg's claim that the Snelgroves were required by the district court to complete a second french drain.

¶4    In January 2011, Myrberg filed his second action against the Snelgroves. In the second action, Myrberg alleged that the Snelgroves breached the 2008 settlement agreement and an alleged 2010 oral agreement arising from the first action and that they committed fraud in entering into those agreements without having any intention to perform them. The Snelgroves moved to dismiss the second action based upon res judicata. The Snelgroves contended that Myrberg was "trying to cloak these previously adjudicated claims and issues in a fraud claim" and that these allegations were made during the first action and Myrberg either pursued them or elected not to pursue them to judgment. Myrberg argued that his fraud claims and breach of contract claims based upon agreements reached in 2008 and 2010 "did not exist at the time [he] filed his original complaint" in 2006, and therefore those claims were not determined in the first action and could be pursued in a second complaint. The Snelgroves countered that Myrberg pursued his claims regarding compliance with the settlement agreements through multiple motions filed in the first action.

¶5    Following an evidentiary hearing, the district court granted the motion to dismiss in the March 15, 2012 Order and Judgment that Myrberg now appeals. The district court found that Myrberg became aware of the alleged facts forming the basis for the second action by 2009, during the first action. The district court found that the information was known to Myrberg and available to him well in advance of the July 2009 evidentiary hearing held in the first action regarding the Snelgroves' performance under the settlement agreement, their completion of the french drain, and their alleged contempt. The district court determined that the issues raised in the second action were or could have been litigated in the first action and that there was a final judgment on the merits in the first action. It is undisputed that the parties were the same in the first and second actions. Accordingly, the district court dismissed the second action because "the claims are barred under the principles of res judicata."

¶6      On appeal, Myrberg argues that the claims alleging fraud and breach of the agreements were not known to him when he filed his 2006 complaint and therefore cannot be subject to claim preclusion, relying upon *Macris & Associates, Inc. v. Neways*, 2000 UT 93, 16 P.3d 1214. However, *Mack v. Division of Securities*, 2009 UT 47, 221 P.3d 194, supports the application of the claim preclusion branch of res judicata to this case. In *Mack*, the supreme court stated,

> Claims or causes of action are the same as those brought or that could have been brought in the first action if they arise from the same operative facts, or in other words from the same transaction. *See* Restatement (Second) of Judgments § 24 (1982). Previously we have held that two causes of action are the same if they rest on the same "state of facts," and the evidence "necessary to sustain the two causes of action" is of the same kind or character. *Shaer v. State*, 657 P.2d 1337, 1340 (Utah 1983). More recently, however, we have moved toward the transactional theory of claim preclusion espoused by the Restatement (Second).

*Id.* ¶ 30. The supreme court acknowledged that "[w]hile in some cases we have still suggested that the evidence needed to sustain the claims must be the same, this requirement was not dispositive for these cases." *Id*. Discussing *Macris*, the supreme court noted that while it found there that claims in two cases brought by Macris were based on different facts, "[c]ritical to [the court's] holding was the circumstance that the two claims arose out of different transactions." *Id*. Accordingly, the supreme court concluded that "if a party raises claims based on the same operative facts or the same transaction, it may be precluded if the other elements of claim preclusion are met." *Id*.

¶7      In the first action, Myrberg brought claims against the Snelgroves for trespass, property damage, and infliction of

emotional distress arising from a property dispute. After the parties reached a settlement agreement in the first action, Myrberg accused the Snelgroves of failing to comply with the settlement agreement, filing multiple motions seeking to enforce the settlement and to find the Snelgroves in contempt of court orders. After multiple hearings, discovery, depositions, and testimony at evidentiary hearings, the district court entered a judgment in which it concluded that the Snelgroves had not failed to comply with the settlement and were not in contempt. Myrberg did not appeal.

¶8 Myrberg filed the second action, claiming that the Snelgroves breached the settlement agreement and a subsequent oral agreement, caused damages by the same alleged trespass, caused emotional distress, and fraudulently entered into the settlement agreement and subsequent oral agreement. The Snelgroves persuasively argued that Myrberg's claims were the same claims that were or could have been pursued in the first action. Characterizing the claims as fraud claims did not change the essential character of allegations that were asserted in multiple hearings regarding the Snelgrove's compliance with the settlement agreement and the efforts to achieve a workable drainage system. Myrberg either raised or could have raised these claims in the first action.

¶9 Because the claims made in the second action and the first action arose from the same operative facts and the same transaction, and Myrberg's claims that the Snelgroves failed to comply with the settlement and court orders were raised or could have been raised in the first action, the district court did not err in dismissing the second action brought against the Snelgroves based upon the claim preclusion branch of res judicata.