2014 UT App 202

# THE UTAH COURT OF APPEALS

ADAM MACKLEY,
Petitioner and Appellant,
*v.*
ADRIENNE BARNEY,
Respondent and Appellee.

Per Curiam Decision
No. 20140311-CA
Filed August 21, 2014

Fourth District Court, Provo Department
The Honorable David N. Mortensen
No. 134401848

Adam Mackley, Appellant Pro Se

Lorie D. Fowlke and Michael S. Glassford,
Attorneys for Appellee

Before JUDGES GREGORY K. ORME, J. FREDERIC VOROS JR., and
PAMELA T. GREENWOOD.[1]

PER CURIAM:

¶1 Adam Mackley appeals the district court's order granting Adrienne Barney's motion to dismiss based on res judicata. This matter is before the court on Barney's motion for summary disposition on the basis that the grounds for review are so insubstantial as to not merit further proceedings and consideration. *See* Utah R. App. P. 10(a)(2)(A). We affirm.

---

1. The Honorable Pamela T. Greenwood, Senior Judge, sat by special appointment as authorized by law. *See generally* Utah Code Jud. Admin. R. 11-201(6).

¶2      We review the district court's dismissal of an action based on res judicata for correctness. *See Mack v. Division of Sec.*, 2009 UT 47, ¶ 26, 221 P.3d 194. Res judicata has two distinct branches: claim preclusion and issue preclusion. *Id.* ¶ 29. Claim preclusion results in a cause of action being barred and "is premised on the principle that a controversy should be adjudicated only once." *Id.* (citation and internal quotation marks omitted). The determination whether a claim is precluded is based upon a three-part test.

> First, both cases must involve the same parties or their privies. Second, the claim that is alleged to be barred must have been presented in the first suit or be one that could and should have been raised in the first action. Third, the first suit must have resulted in a final judgment on the merits.

*Snyder v. Murray City Corp.*, 2003 UT 13, ¶ 34, 73 P.3d 325 (citation and internal quotation marks omitted).

¶3      The elements of claim preclusion have been met in this case. First, the parties in this action, Mackley and Barney, were parties in two previous actions: a 2011 paternity action brought by Mackley, and a 2013 petition for declaratory relief brought by Barney's husband.

¶4      Second, the claims raised in this suit either were raised or could have been raised in the previous actions. Mackley argues that he has raised new issues that were not raised in the previous actions. Mackley's petition in this matter asks for custody of the child and for the court to resolve various support obligations based on the requested custodial change. However, the initial question, custody, is still premised on paternity, which was resolved in the prior actions. The remaining questions of custody and support arrangements can only come into play if Mackley is adjudicated as a parent of the child. Thus, even though Mackley may have raised additional issues, they are all premised on the alleged inaccuracy of the district court's decision in the prior actions.

¶5    Mackley goes on to argue that he is raising additional issues in this action, even though they do not appear in his petition. Specifically, he argues that issues such as DNA testing, a voluntary denial of paternity, and Barney's husband's alleged fraud on the court "in denying he ever denied paternity" were never decided in the prior actions. However, even if we were to look beyond the four corners of his petition, which does not raise the issues, these are the precise types of claims that fall within this element of claim preclusion. Specifically, in *Mack*, our supreme court stated that "[c]laims or causes of action are the same as those brought or that could have been brought in the first action if they arise from the same operative facts, or in other words from the same transaction." *Mack*, 2009 UT 47, ¶ 30. Accordingly, "if a party raises a claim based on the same operative facts or the same transaction, it may be precluded if the other elements of claim preclusion are met." *Id.* Here, the claims revolve around the same operative facts at issue in the prior actions. Thus, the issues raised in this action were presented or could have been presented in the prior litigations.

¶6    Finally, the prior suits have resulted in a final judgment on the merits. Specifically, on November 26, 2013, the district court resolved both prior cases by dismissing Mackley's paternity petition and declaring Barney's husband the father of the child. Thus, final judgments on the merits have been entered in each case. *See Copper State Thrift & Loan v. Bruno*, 735 P.2d 387, 390 (Utah Ct. App. 1987) ("A judgment or order, once rendered, is final for purposes of res judicata until reversed on appeal or modified or set aside in the court of rendition."). Accordingly, the district court correctly determined that Mackley's claims were barred by res judicata.

¶7    Affirmed.

———————