*This opinion is subject to revision before final publication in the Pacific Reporter*

**2017 UT 14**

IN THE

SUPREME COURT OF THE STATE OF UTAH

MARK C. HAIK,
*Appellant*,

*v.*

SALT LAKE CITY CORPORATION,
*Appellee*.

No. 20160019
Filed March 13, 2017

On Direct Appeal

Third District, Salt Lake
The Honorable Andrew H. Stone
No. 140900915

Attorneys:

Paul R. Haik, Minneapolis, MN, for appellant

Shawn E. Draney, Scott H. Martin, Dani N. Cepernich,
Salt Lake City, for appellee

JUSTICE HIMONAS authored the opinion of the Court, in which
CHIEF JUSTICE DURRANT, ASSOCIATE CHIEF JUSTICE LEE,
JUSTICE DURHAM, and JUSTICE PEARCE joined.

JUSTICE HIMONAS, opinion of the Court:

**INTRODUCTION**

¶ 1    In 1997, Paul Haik litigated a lawsuit in federal court based on strikingly similar facts to the one that he now seeks to pursue in the third district, and he lost on the merits. *See Haik v. Town of Alta*, No. 97-4202, 1999 WL 190717, at *1 (10th Cir. Apr. 5, 1999). In 2012, Mr. Haik litigated a lawsuit in federal court based on exactly the same facts as the one before us, and he lost again. *See Haik v. Salt Lake City*

*Corp.*, 567 F. App'x 621, 623 (10th Cir. 2014). To be sure, Mr. Haik did not raise each and every legal claim in the federal court that he now seeks to raise—just some of them. But he could have raised them all. And he should have. And now they are barred.

## BACKGROUND

¶ 2    Mr. Haik has spent the better part of the last twenty years asking courts to order Salt Lake City to supply his undeveloped property in the Albion Basin Subdivision with enough water (at least 400 gallons per day) to allow him to build houses on it. His first foray into the courts occurred in 1997, when he argued before the federal district court that Salt Lake City and Alta's refusal to extend adequate municipal water services to his unimproved land in the Albion Basin amounted to an unconstitutional taking and was a violation of equal protection of law. *Haik v. Town of Alta*, No. 2:96-cv-732-BSJ, 1997 U.S. Dist. LEXIS 24541, at *1, *34 (D. Utah Oct. 31, 1997), *aff'd*, No. 97-4202, 1999 WL 190717 (10th Cir. Apr. 5, 1999).  The federal court ruled against Mr. Haik on the merits of both his takings and equal protection claims, concluding that Salt Lake City owed "no legal duty to furnish water to users outside its own city limits." *Id.* at *36. With respect to Mr. Haik's equal protection claim, the court reasoned that Salt Lake City's refusal to provide Mr. Haik with water was a rational exercise in line-drawing connected to a legitimate interest—the curtailment of "environmentally harmful development." *Haik v. Town of Alta*, No. 97-4202, 1999 WL 190717, at *5 (10th Cir. Apr. 5, 1999). The federal court also ruled that no taking occurred because "mere expectation of municipal water service in the future is not a legal right that constitutes property subject to taking." *Id.* at *7.

¶ 3    In 2012, Mr. Haik filed yet another lawsuit—also litigated in federal court—in which he again sought a determination that Salt Lake City was required to supply him with enough water to develop his Albion Basin property. This lawsuit alleged different legal claims, but, for the most part, the facts remained the same. In the 2012 lawsuit, Mr. Haik again sought a court order requiring Salt Lake City to supply his lots in the Albion Basin with enough water to permit him to develop the property. This time, Mr. Haik added to his equal protection claims allegations of misrepresentation and fraud on the court, a civil conspiracy between Salt Lake City and Alta, and violations of due process. *Haik v. Salt Lake City Corp.*, 567 F. App'x 621, 625–26 (10th Cir. 2014). He also sprinkled his complaint with citations to several Utah constitutional provisions (although he did not plead separate state constitutional violations as claims). And he alleged, as new facts, that

Salt Lake City had sought and obtained authorization from the State Engineer to supply properties in the Albion Basin with enough water to permit development, that some properties falling within Salt Lake City's water service area had received 400 gallons of water per day, and that some properties in the Albion Basin Subdivision had been receiving water in unmetered amounts. *Id.*

¶ 4    As in his first federal suit, the federal court again ruled against Mr. Haik. It noted that there was a "substantial overlap between [the facts in the first federal lawsuit] and the allegations supporting the Haiks' [current claims]." *Id.* at 633. It found that his civil conspiracy claim was barred by claim preclusion because he could have raised it in his first federal lawsuit, but neglected to do so. *Id.* at 633–34. It also found that his due process claims were precluded by issue preclusion, because they depended on his having a protected property interest in the water that Salt Lake City refused to supply him, and this question was resolved against him in his first lawsuit. *Id.* at 627–31. And it concluded that his misrepresentation and equal protection claims, though to an extent predicated on new facts, failed to state a claim. *Id.* at 631–33, 634–35.

¶ 5    After Mr. Haik lost his second federal suit, Salt Lake City sued him in state court seeking to adjudicate Mr. Haik's and others' interests in water rights in Little Cottonwood Creek and to quiet title to a portion of the flow of the South Despain Ditch that several defendants, including Mr. Haik, allegedly claim for themselves. Mr. Haik has used this suit as an opportunity to take yet a third bite at the apple. Adducing exactly the same facts that he put before the federal district court in 2012, Mr. Haik has alleged as counterclaims that he is entitled to water under the state constitution's due process and uniform operation of law provisions as well as article XI, section 6 of the Utah Constitution. He also claims that the City has invalidly appropriated certain water rights and that the City's management of water is subject to scrutiny under *Salt Lake County v. Salt Lake City*, 570 P.2d 119 (Utah 1977).

¶ 6    The district court dismissed Mr. Haik's counterclaims on the grounds that they were res judicata. After the court certified this dismissal as a final order under rule 54(b) of the Utah Rules of Civil

Procedure, Mr. Haik appealed.[1] Utah Code section 78A-3-102(3)(j) gives us jurisdiction.

## STANDARD OF REVIEW

¶ 7    "Whether res judicata, and more specifically claim preclusion, bars an action presents a question of law that we review for correctness." *Mack v. Utah State Dep't of Commerce, Div. of Sec.*, 2009 UT 47, ¶ 26, 221 P.3d 194 (internal quotation marks omitted). When a court dismisses a counterclaim on a motion to dismiss, this court "view[s] the facts and construe[s] the complaint in the light most favorable to the plaintiff and indulge[s] all reasonable inferences in his favor." *Energy Claims Ltd. v. Catalyst Inv. Grp. Ltd.*, 2014 UT 13, ¶ 2 n.1, 325 P.3d 70 (internal quotation marks omitted).

## ANALYSIS

¶ 8    Federal law controls the claim-preclusive effect of prior federal judgments. *See Oman v. Davis Sch. Dist.*, 2008 UT 70, ¶ 28 n.5, 194 P.3d 956; *see also Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001). But federal law embodies different substantive rules of claim preclusion depending on the jurisdiction exercised by the federal court in rendering the underlying judgment. If the rendering court resolved a federal question—exercising jurisdiction under 28 U.S.C. section 1331—then federal law requires a subsequent court to apply substantive federal rules of claim preclusion in determining the preclusive effect of the rendering court's judgment. *See Heck v. Humphrey*, 512 U.S. 477, 488 n.9 (1994). If, on the other hand, the rendering court sat in diversity and resolved questions of state law—exercising jurisdiction under 28 U.S.C. section 1332—then federal law requires a subsequent court to determine the claim-preclusive effect of the rendering court's judgment in accordance with "the law that would be applied by state courts in the State in which the federal diversity court sits." *Semtek*, 531 U.S. at 508; *see also Taylor v. Sturgell*, 553 U.S. 880, 891 n.4 (2008) ("For judgments in diversity cases, federal law incorporates the rules of preclusion applied by the State in which the rendering court sits.").

---

[1] After Mr. Haik appealed, Salt Lake City filed a motion asking the court to summarily affirm the district court's dismissal of Mr. Haik's counterclaims. We deferred ruling on this motion until plenary presentation on the merits and now deny it as moot.

¶ 9 In Utah, however, the rules of claim preclusion are "virtually identical" to the federal rules, so it is of no practical consequence whether we apply Utah or federal rules in deciding whether Mr. Haik's counterclaims are barred. *Oman*, 2008 UT 70, ¶ 28 n.5. Under both state and federal law, "[c]laim preclusion requires: (1) a judgment on the merits in the earlier action; (2) identity of the parties or their privies in both suits; and (3) identity of the cause of action in both suits." *Yapp v. Excel Corp.*, 186 F.3d 1222, 1226 (10th Cir. 1999); *see also Mack v. Utah State Dep't of Commerce, Div. of Sec.*, 2009 UT 47, ¶ 29, 221 P.3d 194 (Under state law, "[w]hether a claim is precluded from relitigation depends on a three-part test. First, both cases must involve the same parties or their privies. Second, the claim that is alleged to be barred must have been presented in the first suit or be one that could and should have been raised in the first action. Third, the first suit must have resulted in a final judgment on the merits.") (internal quotation marks omitted). Federal courts employ "the transactional approach of the Restatement (Second) of Judgments in determining what constitutes identity of causes of action," which looks to a variety of factors to determine whether the "pertinent facts" of the old action are the same as in the new. *Yapp*, 186 F.3d at 1227–28; *see also Gillmor v. Family Link, LLC*, 2012 UT 38, ¶¶ 10, 14, 284 P.3d 622 (For purposes of Utah law, whether a claim "could and should have been raised" in an earlier action depends on whether that earlier action involved "the same operative facts, or in other words . . . the same transaction.").

¶ 10 Here, we are dealing not with a second action arising from the same pertinent facts, but with a third. Mr. Haik has already sued on the same pertinent facts twice in federal district court. The second time he filed suit in federal court he at least made an effort—albeit a failed effort—to plead new material facts. *See Haik v. Salt Lake City Corp.*, 567 F. App'x 621, 627–28 (10th Cir. 2014) ("While . . . the material facts from [the first of Mr. Haik's federal lawsuits] are unchanged . . . we still believe at least some are new . . . . The allegations still fail, but they fail under [Federal] Rule [of Civil Procedure] 12(b)(6)."). This time, however, Mr. Haik has based his suit on exactly the same facts as those he lost on before the federal court in 2012.[2]

---

[2] Mr. Haik's counterclaim is not word-for-word identical to his previous federal complaints. For example, Mr. Haik at one point alludes to "Sewer Outfall Agreements" from the 1970s, which appear not to have made it into his earlier complaints. But this trivia does not

(cont.)

¶ 11   It is true that Mr. Haik has attempted to state slightly different legal claims from those that he put before the federal courts. But Mr. Haik's inexplicable failure to plead those claims in federal court does not protect them from claim preclusion under either state or federal law. *See* RESTATEMENT (SECOND) OF JUDGMENTS § 25, cmt. e (1982) ("When the plaintiff brings an action on the claim in a court, either state or federal, in which there is no jurisdictional obstacle to his advancing both [federal and state] theories or grounds, but he presents only one of them, and judgment is entered with respect to it, he may not maintain a second action in which he tenders the other theory or ground."); *see also Nwosun v. Gen. Mills Rests., Inc.*, 124 F.3d 1255, 1258 (10th Cir. 1997) (failure to bring supplemental state claim alongside federal claim bars subsequent assertion of state claim even when it is possible that the federal court might have dismissed the state claim without prejudice had it been brought). [3] If Mr. Haik had any meritorious legal arguments based on any of the transactional facts that he has been placing before the courts for decades, it was incumbent on him to raise them before now. "[Claim preclusion] bars claims that were or could have been brought in the prior proceeding." *Haik*, 567 F. App'x at 633 (alteration in original) (citation omitted); *see also Macris & Assocs. v. Neways, Inc.*, 2000 UT 93, ¶ 19, 16 P.3d 1214 ("Claim preclusion . . . precludes the relitigation of all issues that could have

---

change the fact that, as the City has put it, "there is nothing new." Certainly, Mr. Haik has not briefed any factual differences between his prior complaints and his current counterclaim. Nor did he identify any such differences at oral argument, despite being repeatedly and specifically pressed to name some.

[3] The United States Supreme Court has not definitively resolved whether federal or state claim-preclusion rules apply when determining the preclusive effect of a failure to plead a supplemental state law claim in a federal-question case. *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 402 (1981) (declining to address the issue). Because we are confident that, under both state and federal law, a plaintiff's inexplicable failure to plead supplemental state claims in a prior federal case bars him from pleading them in a subsequent proceeding, we have no need to wrestle with this question here. *See St. Paul Fire & Marine Ins. v. Commercial Union Assurance*, 606 P.2d 1206, 1208 n.1 (Utah 1980) ("We perceive . . . no conflict of laws issue which necessitates a decision on choice of law.").

been litigated as well as those that were, in fact, litigated in the prior action." (internal quotation marks omitted)). Mr. Haik cannot file a lawsuit, lose, file another lawsuit, lose again, and then try yet a third lawsuit with slightly different claims rooted in the same facts.

¶ 12 Valiantly, Mr. Haik attempts to distinguish this third lawsuit from those that came before. *But see* WILLIAM SHAKESPEARE, THE FIRST PART OF KING HENRY THE FOURTH act 5, sc. 4 ("The better part of valour is discretion."). First, Mr. Haik argues that things are different this time because this time his claims are *counterclaims* in the lawsuit the City has filed against him. This is deeply confused.

> A valid and final personal judgment rendered in favor of the defendant bars another action by the plaintiff on the same claim . . . [and this rule] is applicable not only to a case in which the plaintiff brings another action against the defendant on the same claim, but also to one in which the plaintiff seeks to avail himself of the original claim by interposing it as a counterclaim in a subsequent action brought by the defendant against him.

RESTATEMENT (SECOND) OF JUDGMENTS § 19 & cmt. c. Mr. Haik appears to think that if he cannot press his counterclaims then he cannot mount an effective defense. But whether a litigant is precluded from pursuing counterclaims (as a matter of claim preclusion) is a different issue from whether the litigant is collaterally estopped from mounting defenses in a lawsuit. *See Swainston v. Intermountain Health Care, Inc.*, 766 P.2d 1059, 1061 (Utah 1988) (to determine whether a party is barred from relitigating a matter—such as a defense to a lawsuit—that has "no meaning unless it is pendent to a claim" courts apply the law of issue preclusion, not claim preclusion). It may be that a future appellate court will be forced to address whether Mr. Haik is precluded from raising certain defenses to the City's lawsuit. But the only question presently before us is whether Mr. Haik can assert a set of counterclaims that arise from the same transactional facts that have already been passed upon in previous federal cases. He cannot.

¶ 13 Mr. Haik also argues that he should be allowed to press state constitutional claims before this court—even though he neglected to raise them before the federal court—because ours is the court of last resort for interpreting Utah law and because, unlike the federal courts, our court sometimes employs a "primacy approach" on which we first seek to resolve constitutional questions on state constitutional grounds. *See West v. Thomson Newspapers*, 872 P.2d 999, 1006 (Utah 1994)

(explaining that "[a]ccording to the primacy approach, a state court looks first to state constitutional law, develops independent doctrine and precedent, and decides federal questions only when state law is not dispositive" (internal quotation marks omitted)).

¶ 14   Nothing is further from the truth than this argument. Under both federal and Utah claim-preclusion law, a final judgment precludes a new action arising from the same operative facts. It does not matter that the previous action was in federal court, that the federal court did not employ a primacy approach, or that one of the parties now presses a state law claim—even one rooted in the state constitution—that he could have asserted in the earlier proceedings. *See Penrod v. Nu Creation Creme, Inc.*, 669 P.2d 873, 875 (Utah 1983) ("Since a negligent misrepresentation claim [based in state law] was asserted in the prior federal court action, the dispositive issue in this case is whether that claim is now barred by the doctrine of claim preclusion, i.e., whether plaintiffs' second claim for relief was either litigated or could have been litigated in the federal court action."); *see also Oman*, 2008 UT 70, ¶ 27 ("[W]e conclude that the [state law wrongful termination] issue was resolved by the federal district court and that the state district court was bound by the federal court's determination under the doctrine of issue preclusion.").

¶ 15   Things would, indeed, be different if the federal court had not ruled on the merits of a claim that Mr. Haik put before it. If it had, for example, dismissed one of Mr. Haik's previous claims without prejudice then he would not be barred by claim preclusion from relitigating that claim because, on that claim, there would not be a final judgment on the merits. *See, e.g., Jensen ex rel. Jensen v. Cunningham*, 2011 UT 17, ¶ 39, 250 P.3d 465 (when federal court declines to exercise supplemental jurisdiction over state law claims, its eventual resolution of the merits of the case before it cannot preclude future litigation of those state law claims). But here the federal court resolved all of the claims that Mr. Haik put before it on the merits, and Mr. Haik has given us no reason to think that he should be allowed to litigate any new claims based on the same operative facts that formed the basis of his federal lawsuits. Which is all to say that, on the operative facts before us, it is simply impossible for Mr. Haik to overcome the hurdle of claim preclusion, no matter how hard (or how often) he tries.

**CONCLUSION**

¶ 16   "What has been will be again, and what has been done will be done again; there is nothing new under the sun." *Ecclesiastes* 1:9. Certainly not Mr. Haik's lawsuit. We affirm.

———————