*This opinion is subject to revision before final publication in the Pacific Reporter*

**2019 UT 50**

IN THE

# SUPREME COURT OF THE STATE OF UTAH

HAYLEE CHEEK,
*Petitioner*,

*v.*

IRON COUNTY ATTORNEY,
*Respondent*.

No. 20180653
Filed August 16, 2019

On Certiorari to the Utah Court of Appeals

Fifth District, Iron County
The Honorable Judge Marvin D. Bagley
No. 150500081

Attorneys:

Tyler B. Ayres, Daniel Baczynski, Draper, for petitioner

Noah M. Hoagland, Jesse C. Trentadue, Salt Lake City,
for respondent

JUSTICE PEARCE authored the opinion of the Court in which
CHIEF JUSTICE DURRANT, ASSOCIATE CHIEF JUSTICE LEE,
JUSTICE HIMONAS, and JUSTICE PETERSEN joined.

JUSTICE PEARCE, opinion of the Court:

## INTRODUCTION

¶1   Haylee Cheek seeks to bring claims in state court against the Iron County attorney, despite having previously sued him in federal court, where her claims were dismissed with prejudice. The state district court dismissed Cheek's claims, concluding that res judicata principles barred her from reasserting them. Cheek argued to the court of appeals that the prior federal judgment was not "on the merits" and should have no preclusive effect. The court of appeals concluded otherwise. We agree and affirm.

**BACKGROUND**

¶2 "On appeal from a district court's decision granting a motion to dismiss, we view the facts pled in the complaint and all reasonable inferences from them in the light most favorable to the plaintiff." *Scott v. Universal Sales, Inc.*, 2015 UT 64, ¶ 4, 356 P.3d 1172. We recite the facts accordingly, but not with great depth or detail; the legal issue on appeal here is not highly fact-driven. Additional background regarding the history of this proceeding can be found in the court of appeals opinion. *See Cheek v. Iron Cty.*, 2018 UT App 116, ¶¶ 2–7, 427 P.3d 522.

¶3 Cheek filed suit in federal district court alleging federal constitutional violations under 42 U.S.C. section 1983 and state constitutional violations based on article I, section 9, of the Utah Constitution. She asserted her claims against several defendants, including Iron County and Iron County Attorney Scott Garrett. Cheek sued Garrett as well as the other individual defendants in their official capacities. Garrett moved to dismiss the claims against him under Federal Rule of Civil Procedure 12(b)(6).

¶4 The federal court dismissed the claims, reasoning that "[a]n official-capacity suit is another way of pleading an action against an entity of which an officer is an agent. What's more, a person sued in his official capacity has no stake, as an individual, in the outcome of the litigation." (Citations omitted.) (Internal quotation marks omitted.) The district court's order stated that the claims were dismissed with prejudice, and the order had the effect of freeing Garrett from the federal litigation.

¶5 The federal court subsequently dismissed Cheek's remaining claims—the federal claims with prejudice and the state-law claims without prejudice. Cheek then refiled her suit in state court, alleging state constitutional violations against, among others, Garrett. Garrett again moved to dismiss. This time, he pointed to the federal court order dismissing the claims against him. And asserted that the order was a final judgment on the merits that barred Cheek from relitigating issues that were or could have been raised in the federal action. The district court agreed and dismissed with prejudice, concluding that "[Cheek's] claims against [Garrett] are barred by res judicata."

¶6 Cheek appealed, and the court of appeals affirmed. *Cheek*, 2018 UT App 116, ¶¶ 16–19. The court of appeals noted that "[t]he district court's decision rested on the claim preclusion branch" of the res judicata doctrine. *Id.* ¶ 16. Cheek had not challenged the "first two prongs of the claim-preclusion test," which are that "both cases

must involve the same parties or their privies," and "the claim that is alleged to be barred must have been presented in the first suit or be one that could and should have been raised in the first action." *Id.* ¶¶ 16–17 (citation omitted) (internal quotation marks omitted).

¶7 The court of appeals then addressed Cheek's sole assertion that, under the third prong of the res judicata analysis, the order dismissing the claims against Garrett was not a final judgment on the merits. *Id.* ¶¶ 17–19. The court of appeals turned to our decision in *Mack v. Utah State Department of Commerce*, 2009 UT 47, 221 P.3d 194, which held that a "district court action, which was resolved under Utah Rule of Civil Procedure 12(b)(6), resulted in a final judgment on the merits." *Id.* ¶ 29. The court of appeals then reasoned that "even though it does not involve the usual hallmarks of a resolution on the merits, a successful motion to dismiss for failure to state a claim results in a final judgment on the merits." *Cheek*, 2018 UT App 116, ¶ 19. And given the limited briefing and record Cheek presented, Cheek "failed to persuade [the court of appeals] that *Mack* does not apply and that the state district court erred" in concluding that her claims were barred under the doctrine of res judicata. *Id.*

¶8 Cheek appeals, raising the same argument she asserted in the court of appeals.

## STANDARD OF REVIEW

¶9 "On certiorari, we review the court of appeals' decision for correctness, focusing on whether that court correctly reviewed the trial court's decision under the appropriate standard of review." *State v. Rushton*, 2017 UT 21, ¶ 9, 395 P.3d 92 (citation omitted). "The grant or denial of a motion to dismiss is a question of law . . . review[ed] for correctness, giving no deference to the decision of the trial court." *Salt Lake City v. Kidd*, 2019 UT 4, ¶ 14, 435 P.3d 248 (citation omitted).

## ANALYSIS

¶10 "Federal law controls the claim-preclusive effect of prior federal judgments." *Haik v. Salt Lake City Corp.*, 2017 UT 14, ¶ 8, 393 P.3d 285. And under federal law, the substantive rules governing claim preclusion may vary depending on the type of jurisdiction the federal court exercised. *Id.* For example, when claims are dismissed by a court exercising federal question jurisdiction, federal claim preclusion rules govern; and when claims are dismissed by a court

exercising diversity jurisdiction, state claim preclusion rules govern. *Id.*[1]

¶11 "In Utah, however, the rules of claim preclusion are virtually identical to the federal rules . . . ." *Id.* ¶ 9 (citation omitted) (internal quotation marks omitted). And the parties have not asserted any differences in those rules relevant to the question presented here. Indeed, the parties cite both state and federal precedent to press their arguments. Because of the similarities, it is ultimately immaterial to our analysis whether we apply federal or state claim preclusion rules. We therefore apply our state law to the question Cheek raises.

¶12 For purposes of the claim-preclusion branch of the res judicata doctrine, we generally apply a three-part test:

> First, both cases must involve the same parties or their privies. Second, the claim that is alleged to be barred must have been presented in the first suit or be one that could and should have been raised in the first action. Third, the first suit must have resulted in a final judgment on the merits.

*Mack v. Utah State Dep't of Commerce*, 2009 UT 47, ¶ 29, 221 P.3d 194 (citation omitted).

¶13 Cheek does not contest the first two elements of this test. In the district court, Cheek noted that her initial suit was against Garrett in his official capacity, while this suit is against Garrett in his individual capacity. But Cheek does not contend the proceedings involve different parties. Likewise, Cheek takes no issue with the district court's conclusion that the claims she alleges in this proceeding were presented in the first suit or could have and should have been raised in the first action. She claims only that "[r]es judicata did not attach because the third element was not . . . satisfied—Garrett's prior dismissal was not on the merits." And that is the only question we address.

¶14 "Our case law defines '[on] the merits' for res judicata in light of rule 41 of the Utah Rules of Civil Procedure." *Fundamentalist Church of Jesus Christ of Latter-Day Saints v. Horne*, 2012 UT 66, ¶ 22, 289 P.3d 502; *see also Beaver v. Qwest, Inc.*, 2001 UT 81, ¶ 19, 31 P.3d

---

[1] We have not yet resolved whether state or federal claim preclusion rules govern our inquiry in the context of an order issued by a federal court exercising supplemental jurisdiction. *See, e.g., Haik*, 2017 UT 14, ¶ 11 n.3.

1147 (applying rule 41 in determining whether a dismissal was on the merits). Rule 41 provides that "[u]nless the dismissal order otherwise states, a dismissal under this paragraph and any dismissal not under this rule, other than a dismissal for lack of jurisdiction, improper venue, or failure to join a party under Rule 19, operates as an adjudication on the merits." UTAH R. CIV. P. 41(b).

¶15 We have interpreted this rule as "establish[ing] a presumption that the dismissal of a case is 'on the merits' and thus has preclusive effect, subject to exceptions where the court 'otherwise specifies' or where the decision is for lack of jurisdiction, improper venue, or for failure to join a necessary party." *Horne*, 2012 UT 66, ¶ 22. Accordingly, unless an order states otherwise, any dismissal for failure to state a claim under rule 12(b)(6), or for any reason other than lack of jurisdiction, improper venue, or failure to join a party under rule 19, is presumptively "on the merits" for claim preclusion purposes. *See, e.g.*, *Mack*, 2009 UT 47, ¶ 29 ("[T]he district court action, which was resolved under Utah Rule of Civil Procedure 12(b)(6), resulted in a final judgment on the merits.").

¶16 Cheek's claims in federal district court were dismissed with prejudice after Garrett filed a rule 12(b)(6) motion. The dismissal was not based on a lack of jurisdiction, improper venue, or failure to join a necessary party, nor did the order otherwise specify that it lacked preclusive effect. To the contrary, the order was issued "with prejudice." Accordingly, the order was presumptively "on the merits" for purposes of our claim preclusion doctrine. And Cheek must overcome that presumption by demonstrating that the order was not, in fact, "on the merits."

¶17 Cheek has failed to rebut the presumption. And her arguments are predicated on a misunderstanding of the meaning of "on the merits" for purposes of our claim preclusion doctrine. Cheek asserts the federal order dismissing her claims against Garrett lacks preclusive effect because it was not based on her failure to state a claim, but on the "procedural" "redundancy" of including official-capacity claims in a suit also levied against the official's governmental employer. In other words, Cheek asserts the dismissal was motivated by "judicial economy" and, for that reason, cannot be considered "on the merits" even though the dismissal was issued with prejudice.

¶18 "On the merits" for res judicata purposes does not mean that a court must have reached a substantive determination as to the validity of the underlying claims. In this context, "on the merits" examines whether a ruling "is driven . . . by the parties' actions or the claims and defenses asserted," or by an "initial bar" to the court's

authority to adjudicate the claims or issues presented. *Horne*, 2012 UT 66, ¶¶ 24–25. "When an initial bar exists," as when "venue or jurisdiction is lacking or the wrong parties are before the court," "the court has authority to opine only on the law and facts surrounding its own power." *Id.* Absent such a bar, however, "any subsequent dismissal is preclusive because it is driven not by limitations on the court's authority, but by the parties' actions or the claims and defenses asserted." *Id.* ¶ 25.

¶19   No such "initial bar" is at issue here, and the federal court's order of dismissal was driven by the claims and defenses asserted. The federal district court concluded that in the context of claims brought under section 1983 and article 1, section 9 of the Utah Constitution, claims against a state actor in his official capacity were redundant to the claims asserted against his employer. The district court concluded that because Cheek named Garrett in his official capacity, Garrett had no stake in the outcome of the suit, and those claims should be dismissed from the litigation. Permanently. Cheek would not have been free to relitigate her official-capacity claims in federal court in the face of the federal court's dismissal of those claims with prejudice. Thus, for res judicata purposes, the order was "on the merits" as to whether Cheek could pursue her official-capacity claims against Garrett.

¶20  Seeking to avoid this conclusion, Cheek attempts to distinguish between "substantive" and "procedural" dismissals, claiming that the latter category cannot have res judicata effect under a "traditional" claim preclusion analysis. In support, Cheek points to a court of appeals decision that defines "on the merits" as "real or substantial grounds of action or defense as distinguished from matters of practice, procedure, jurisdiction or form." *State ex rel. Utah State Dep't of Soc. Servs. v. Ruscetta*, 742 P.2d 114, 116 (Utah Ct. App. 1987). On that basis, Cheek contends the federal court order was purely "procedural" and of no import for res judicata purposes.

¶21  But *Ruscetta* does not square with our more recent jurisprudence. We do not simply drop rulings into a "procedural" or "substantive" box to determine their preclusive effect. We do not draw lines between decisions addressing the "real" grounds of claims versus "matters of . . . form." As noted above, we use rule 41 as a guideline for presumptively determining the question and, in accordance with that rule, recognize that certain types of dismissals—e.g., dismissals for lack of jurisdiction, improper venue, or failure to join a necessary party—are not presumed to be "on the merits" for res judicata purposes. *See* UTAH R. CIV. P. 41(b). Other dismissals presumptively are "on the merits" because they are likely

driven by the claims and issues presented to a court with authority to adjudicate them. And it is up to the party seeking to avoid the preclusive effect of the ruling to demonstrate that the dismissal did not hinge on the claims and issues before the court.

¶22 Further attempting to avoid this result, Cheek contends that we look behind the title of a motion to its substance to assess a ruling's res judicata effect. (Citing *Gardner v. Madsen*, 949 P.2d 785, 788 (Utah Ct. App. 1997) (addressing the preclusive effect of a judgment resolving a case on summary judgment, and noting that "incapability to sue as a legal entity does not constitute a judgment on the merits for purposes of res judicata").)[2] Cheek is correct that our rules do not foreclose a party from demonstrating that a judgment presumptively "on the merits" lacks preclusive effect.

¶23 But invocation of that principle without more is of no help to Cheek, who has failed to make any such showing. She has provided us with no basis for concluding that a federal order dismissing official-capacity claims, with prejudice, is not "on the merits" with respect to the claims dismissed. And Cheek has not made any other argument on the issue of res judicata—e.g., that even if the judgment were "on the merits" as to those claims, it should not bar adjudication of the claims Cheek now raises. Accordingly, Cheek has failed to shoulder the burden of rebutting the presumption that the dismissal with prejudice was on the merits.

**CONCLUSION**

¶24 Cheek asserts that a federal court order dismissing official-capacity claims against a governmental employee, with prejudice, is not "on the merits" for claim preclusion purposes. Cheek has failed to demonstrate that the order lacks preclusive effect, and the court of appeals correctly affirmed the district court's dismissal of Cheek's claims. We affirm.

───────────────

[2] We note that both of the cases Cheek cites, *Gardner* and *Ruscetta*, addressed the issue preclusion branch of the res judicata doctrine. *See Gardner*, 949 P.2d at 788; *Ruscetta*, 742 P.2d at 116. The parties do not assert that a different inquiry guides our determination of whether a judgment is "on the merits" when addressing issue preclusion as opposed to claim preclusion. And we see no reason to draw that distinction. *See Amundsen v. Univ. of Utah*, 2019 UT 49, ¶ 25 n.7, --- P.3d --- ("We turn to rule 41 for guidance as to whether a judgment is 'on the merits' for res judicata purposes when addressing either claim or issue preclusion.").